EAST BATON ROUGE PARISH
Filed Jan 05, 2021 8:00 AM
Deputy Clerk of Court
E-File Received Jan 04, 2021 11:25 AM

C-703230
23

Case 3:21-cv-00092-BAJ-SDJ    Document 1-2    02/11/21    Page 1 of 25

EXHIBIT 1

| | |
|---|---|
| KIMBERLY WILLIAMS AND NICHOLAS JENKINS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CASE NO.:          SECTION: |
| | |
| versus | 19TH JUDICIAL DISTRICT COURT |
| | |
| GOAUTO INSURANCE COMPANY, GOAUTO MANAGEMENT SERVICES, LLC, GOAUTO, LLC, AUTO PREMIUM ASSISTANCE COMPANY, LLC, GO CARD, LLC, AND HEALTH REFORM INSURANCE, LLC | PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA |

## PETITION FOR DAMAGES – CLASS ACTION

The Petition of Kimberly Williams and Nicholas Jenkins, through undersigned counsel, appearing herein individually and on behalf of all others similarly situated, who hereafter may be referred to as the Class, all of whom are domiciled within the State of Louisiana, represent as follows:

1.

This is a class action brought pursuant to La. Code Civ. Proc. art 591 *et seq.*, and filed on behalf of any and all persons currently residing within the State of Louisiana who are either:

(a) current and former GoAuto Insurance Company ("GoAuto") insureds whose automobile insurance policies were issued, written, or delivered in Louisiana and whose insurance policies were purportedly cancelled by GoAuto within the 10 years prior to the filing of this petition under the circumstances alleged herein despite the fact that GoAuto had not properly complied with the mandatory Louisiana statutory provisions relating to cancellation of Louisiana automobile insurance policies (hereinafter sometimes referred to as "insured class members"); and

(b) persons who within 10 years prior to the filing of this petition had a claim against a GoAuto insured arising out of the insured's operation of a motor vehicle and GoAuto took the position that the insured's policy was purportedly cancelled despite the fact that GoAuto had not properly complied with the mandatory Louisiana statutory provisions relating to cancellation of Louisiana automobile insurance policies (hereinafter sometimes referred to as "third-party class members").

2.

Made defendants herein are:

a) GOAUTO INSURANCE COMPANY ("GOAUTO"), a Louisiana insurance company which can be served through its agent for service of process, Gregory W. Tramontin, 533 Highlandia Drive, Suite A, Baton Rouge, LA 70810;

b) GOAUTO MANAGEMENT SERVICES, LLC ("GMS"), doing business as "GoAuto Insurance," a Louisiana limited liability company which can be served through its agent for service of process, Gregory W. Tramontin, 533 Highlandia Drive, Suite A, Baton Rouge, LA 70810;

c) GOAUTO, LLC, a Louisiana limited liability company which can be served through its agent for service of process, Gregory W. Tramontin, 533 Highlandia Drive, Suite A, Baton Rouge, LA 70810;

d) AUTO PREMIUM ASSISTANCE COMPANY, LLC ("APAC"), a Louisiana limited liability company which can be served through its agent for service of process, Gregory W. Tramontin, 533 Highlandia Drive, Suite A, Baton Rouge, LA 70810;

e) GO CARD, LLC, a Louisiana limited liability company which can be served through its agent for service of process, Gregory W. Tramontin, 533 Highlandia Drive, Suite A, Baton Rouge, LA 70810; and

f) HEALTH REFORM INSURANCE, LLC, a Louisiana limited liability company which can be served through its agent for service of process, Gregory W. Tramontin, 533 Highlandia Drive, Suite A, Baton Rouge, LA 70810.

3.

The defendants are liable unto plaintiffs and the putative class members for bad faith penalties and attorney fees under contract, La. R.S. 22:1973, La. R.S. 22:1892, and any and all pertinent provisions of Louisiana law, in an amount that is just and reasonable in the premises.

4.

As set forth below, the defendants are liable to the class representatives and the putative class of GoAuto insureds whose policies of automobile insurance were purportedly cancelled by the defendants, but which were not actually cancelled because of a failure by the defendants to comply with the requirements of Louisiana law in the purported cancellation of those policies, as

well as the putative class of third-party claimants who had claims against GoAuto insureds whose policies were not properly canceled for the same reasons.

5.

In purportedly cancelling and sending out notices of cancellation when the policies were not actually cancelled, and in misrepresenting to the class members that such policies had been cancelled when they had not been cancelled, the defendants, operating as a single business enterprise and through their common officers, directors, managers, and shareholders, have acted in a manner contrary to public policy and inconsistent with the obligations owed to the insured and third-party class members under the law by failing to operate in good faith, and by instead operating under a scheme to deny their insureds coverage by cancelling automobile insurance policies without following the mandatory statutory procedures and improperly denying the insured and third-party class members coverage under these insurance policies, although the defendants knew or should have known that these policies were never properly canceled. The defendants also knowingly and improperly reported the purported cancellations as actual cancellations to the Louisiana Department of Public Safety, Office of Motor Vehicles, subjecting their insureds to statutory fines and penalties.

6.

GoAuto Insurance Company ("GoAuto") has sold minimum-limits automobile insurance policies in the state of Louisiana since 2009. In addition to policies written through GoAuto, some of the policies previously sold as GoAuto insurance policies were written through Gramercy Insurance Company, a Texas insurer which has since gone out of business, and through Citadel Insurance Company, which purchased the assets and liabilities of Gramercy Insurance Company.

7.

The automobile insurance policies that have been sold by GoAuto were, and continue to be, financed by Auto Premium Assistance Company, LLC ("APAC"), a premium finance company which finances policies only for GoAuto.

8.

GoAuto and APAC do not have any employees. Rather, any person who purportedly does work for or on behalf of GoAuto and/or APAC is employed by GoAuto Management Services, LLC ("GMS").

9.

GoAuto, LLC is the parent company of its subsidiaries GMS, GoAuto, APAC, Go Card, LLC, and Health Reform Insurance, LLC.

## LOUISIANA LAW ON AUTOMOBILE INSURANCE POLICY CANCELLATIONS

10.

Under the law that was in place at the time GoAuto and APAC began operating in Louisiana in 2009 and which remains in place into the present, when an automobile insurance policy is financed by a premium finance company like APAC which is granted a power of attorney authorizing it to cancel the policy in the event of non-payment of premiums, the only way the premium finance company can legally request that the policy be cancelled by the insurer is by strictly adhering to the provisions of La. R.S. 9:3550(G). "[A]ny defect in this process results in an ineffective cancellation of the policy." *Eaglin v. Champion Ins. Co.*, 558 So. 2d 284, 287 (La. App. 3 Cir. 1990); *Dairyland Ins. Co. v. Marks*, 468 So. 2d 841, 844 (La. App. 1 Cir. 1985).

11.

Specifically, when APAC seeks to cancel an automobile insurance policy issued by GoAuto, it must first provide GoAuto's insured with a notice of cancellation advising of APAC's intent to cancel the policy. La. R.S. 9:3550(G)(2).

12.

Once 10 days have passed after the notice of cancellation is provided to the insured, APAC may request cancellation of the policy by:

> sending to the insurer [GoAuto], by depositing in the mail or with a private carrier, or via electronic mail, within five business days after the date of cancellation, except when the payment has been returned uncollected, a copy of the notice of cancellation together with a statement certifying that:
>
> (i) The premium finance agreement contains a valid power of attorney as provided in Paragraph (1) of this Subsection.
>
> (ii) The premium finance agreement is in default and the default has not been timely cured.
>
> (iii) Upon default, a notice of cancellation was sent to the insured as provided in Paragraph (2) of this Subsection, specifying the date of sending by the premium finance company to the insured.
>
> (iv) Copies of the notice of cancellation were sent to all persons shown by the premium finance agreement to have an interest in any loss which may occur thereunder, specifying the names and addresses of any governmental agencies, holders of a security interest in the insured property, or third parties to whom the insurance premium finance company has sent notice of cancellation.

- 4 -

La R.S. 9:3550(G)(3)(a).

13.

GoAuto may consider that its insured has requested cancellation of its automobile insurance policy only "**[u]pon receipt** of such notice of cancellation and statement from" APAC. La. R.S. 9:3550(G)(3)(b)(i) (emphasis added).

14.

GoAuto and APAC failed to follow the mandatory statutory procedures for cancelling an automobile insurance policy at any time from 2009 to the present. Therefore, each and every policy of a GoAuto insured that GoAuto and APAC attempted to cancel from 2009 to the present was never actually cancelled.

## THE DEFENDANTS' IMPROPER AND INEFFECTIVE CANCELLATION PROCEDURES

15.

The cancellation process that APAC and GoAuto have uniformly and continuously followed since 2009 and up to the date of filing of this Class Action Petition is a process in which there is no written communication between any representatives of either company and instead involves a fully computerized and unilaterally determined and automated system. Should APAC contend that a GoAuto insured did not make a timely payment on a GoAuto automobile insurance policy, APAC's administered network and computer system automatically generates a notice of cancellation that is either mailed or sent by electronic mail to GoAuto's insured.

16.

If a payment is not recorded in APAC's computer system by midnight of the tenth day after the notice of cancellation is sent to the insured, APAC's computer system then automatically inputs changes in GoAuto's computer system, which is connected to and updated by APAC's computer system, in a "master/slave relationship" allowing the APAC system to "synchronize" GoAuto system's database and thereby cancel the allegedly unpaid automobile insurance policies within the GoAuto system. Through that automated update process, the cancellation of the policy is purportedly effected within the computer system at 12:01 am on the date of cancellation. However, at no time prior to nor after such cancellation is there an exchange of any emails or other written communications nor any cognitive transfer of this information between or among any of GMS's employees, including those employees who purportedly do work for APAC and/or GoAuto, regarding such cancellations. None of the representatives or

other individuals who purportedly work for GoAuto ever oversee, review, or approve such cancellations individually, nor do they later review or approve any compilations or documentation of such changes made in the GoAuto computer system by APAC's administered computer system, which unilaterally and automatically changes the database as it relates to the status of and cancellation of policies issued by GoAuto and maintained within GoAuto's system's database.

17.

Later that same morning on the day in which the cancellation is purportedly effected via internal and automated actions within the computer system, at approximately 2:30 am (after the computer system completes backup procedures), the computer system automatically generates an electronic mail message that contains automatically generated attachments, including (1) an unsigned statement identifying all of the policies that are requested for cancellation on that date, and (2) the notices of cancellation for those policies. That automatically generated electronic mail message is automatically sent from the e-mail account for James Holland, the chief information officer for GMS, to four separate electronic mail accounts maintained by Angela Pittman, the operations manager for GMS.

18.

The documents attached to the automatically generated electronic mail message that is sent from James Holland's electronic mail account to Angela Pittman's electronic mail accounts are later printed out by another employee of GMS who purportedly does work for APAC, but who is not employed by APAC. That printed statement is signed by Angela Pittman to purportedly certify pursuant to La R.S. 9:3550(G)(3)(a) that (1) the premium finance agreement contains a valid power of attorney; (2) the premium finance agreement is in default and the default has not been timely cured; (3) upon default, a ten-day notice of cancellation was sent to the insured, and that a copy of the notice is enclosed, with an affidavit proof of mailing available upon request; and (4) copies of the ten-day notice of cancellation were sent to all persons shown by the premium finance agreement to have an interest in any loss which may occur thereunder.

19.

Significantly, GoAuto's cancellation is purportedly effected and the policy is maintained in the respective computer systems of APAC and GoAuto as being cancelled during the middle of the night before any of any of the certifications are made, despite the fact that La R.S.

9:3550(G)(3) specifically requires the certifications first be executed by APAC, delivered by APAC, and received by GoAuto, before GoAuto has the right to first consider that the cancellation of any policies has been requested by APAC and then to actually act on that cancellation request. Instead, GoAuto takes action (through an automated process) by cancelling its insured's policies within its system before any request for cancellation is received, before APAC has certified any of the statements in the cancellation request, and before those certifications have even been generated by the automatic computer process.

20.

After the cancellation is purportedly already effected within the computer systems the night before, Angela Pittman, the GMS operations manager who purportedly does work for APAC, signs the certification. Then, a GMS employee walks the certification and associated documents to a file room, where the untimely signed certifications are placed into a file cabinet. As GMS's underwriting manager Kim McCloud has previously testified, the certification and documents are not reviewed by anyone nor are they otherwise handled by any GMS employees purportedly doing work for GoAuto before they are placed in the file room. Nor, as Ms. McCloud has also testified, do any GMS employees purportedly doing work for GoAuto take any action to effect cancellation of the policies before or after the certification and documents are placed into the file cabinet. Instead, that cancellation was already internally done by the computer systems automatically the preceding night before the certification was signed.

21.

The Louisiana legislature has amended La. R.S. 9:3550 in recent years to account for technological advances, most notably in 2003 when the statute was amended to allow a premium finance company to send a request for cancellation to an insurer by electronic mail, in addition to the previous two authorized methods of mail or private carrier. Acts 2003, No. 645, § 1. However, the legislature has never amended the statute to authorize a notice of cancellation to be sent, received, or otherwise made effective merely by an automated interaction of two computer processes, the synchronization of computer databases, or any other methods that are performed automatically and without human involvement or cognition. As the testimony of representatives of the defendants has established, the cancellation process used by them clearly fails to comply with the statutory requirements, and therefore each such failed attempt at cancellation of such

policies was a clear and unequivocal violation of the statutorily mandated steps and procedures required by law.

22.

These cancellation procedures used by the defendants were not publicly disclosed or otherwise made known to members of the public, who at all times were allowed to presume that the defendants had complied with all Louisiana state laws that govern their operations and the cancellation of the policies they had issued in Louisiana.

23.

The above procedures, which have been in place for as long as GoAuto has been in operation and are followed by the defendants in the case of every attempted cancellation of a GoAuto insurance policy, fail to comply with the mandatory cancellation procedures set forth under La. R.S. 9:3550(G) in three material ways.

24.

First, La. R.S. 9:3550(G)(3)(b)(i) states that an insurer may consider that cancellation of an insured's policy has been requested upon the insurer's **receipt** of the notice of cancellation from the premium finance company. But GoAuto never receives a notice of cancellation from APAC as required by this statute. Instead, the cancellation documents are placed into a file room by a GMS employee purportedly doing work for APAC, and no one associated with or affiliated with GoAuto ever receives, touches, or even sets eyes upon those documents. Nevertheless, GoAuto still considers that cancellation of an insured's policy was requested by APAC despite the fact that GoAuto never received the required statutory notice, and the policy cancellation automatically becomes effective within the companies' shared computer system.

25.

Second, La R.S. 9:3550(G)(3)(a) requires that the premium finance company certify the statements set forth in the statute before the cancellation request can be made. However, APAC (through GMS operations manager Angela Pittman) does not certify these statements until after GoAuto's and APAC's computer systems have already automatically cancelled the policies that are part of the cancellation request that is later certified by APAC. Thus, in violation of the statute, GoAuto takes action to cancel the policy before any request for cancellation is received, because the computer systems are set to automatically cancel the insureds' policies before APAC even makes a request for cancellation, regardless of whether or when APAC certifies the

statements or purports to deliver the notice requesting cancellation to GoAuto, and without any consideration, review, or action by GoAuto.

26.

Third, the request for cancellation, which La R.S. 9:3550(G)(3)(a) requires be delivered by APAC to GoAuto by (1) mail, (2) private carrier, or (3) electronic mail, is never so delivered to GoAuto. Instead, a GMS employee, purportedly doing work for APAC, takes the notice and certified statement and walks it over to a filing room, where it is placed into a cabinet. Thus, the method of delivery of the cancellation request is in violation of the statutory requirements.

27.

APAC has admittedly attempted to request the cancellation of thousands of GoAuto automobile insurance policies each day over the past 10 years using the above-described procedures. However, because these procedures are legally deficient, as a matter of law, the defendants have never canceled any of these policies. Instead, each and every policy that the defendants attempted to cancel from GoAuto's inception in 2009 to the present has remained in effect through the end of the expiration date of the policy as set forth within each insured's insurance contract with GoAuto.

28.

The right to cancel the insurance policies issued to GoAuto's insureds is subject to a "resolutory condition" under Louisiana Civil Code article 1767. Pursuant to La. R.S. 9:3550(G)(3)(b)(i), the duties and obligations that GoAuto owes to its insureds under the insurance contracts issued by it remain in effect, and those policies cannot be cancelled, unless and until the occurrence of the resolutory conditions imposed by the statute, including but not limited to GoAuto's "receipt of such notice of cancellation and statement from the premium finance company." Thus, absent the occurrence of this resolutory condition of the receipt of notice of cancellation from APAC, GoAuto has no right to consider that a request for cancellation has been made, and the insurance policy must remain in effect. Because APAC places the documents into a file room and no person purportedly doing work for GoAuto receives a request for cancellation, the resolutory condition is never satisfied.

29.

Further, in accordance with Louisiana law and jurisprudence, the ability to cancel an insurance policy issued to GoAuto's insureds is subject to a "condition precedent" and/or

"suspensive condition," as such terms were explained and defined by the Louisiana Supreme Court in *Southern States Masonry, Inc. v. J.A. Jones Const. Co.*, 507 So. 2d 198, 204 n. 15 (La. 1987). As stated above, under La. R.S. 9:3550(3)(b)(i), only upon the occurrence of the condition precedent/suspensive condition of the insurer's "receipt of such notice of cancellation and statement from the premium finance company, . . . the insurer may proceed to cancel such contract or contracts as provided in R.S. 22:885." GoAuto is prohibited from taking any action to cancel a policy unless and until the occurrence of that condition of the receipt of notice of cancellation from APAC, which for the reasons described above never occurs.

30.

Additionally, until receipt of the notice of cancellation, an insurer is prohibited under La. R.S. 9:3550(G)(4) from giving "notice to any governmental agency, holder of a security interest in the insured property, or other third party as shown in the records of the insurer requiring statutory, regulation, or contractual notice and which were not given by the premium finance company as provided in Paragraph (3) of this Subsection." Such provisions were violated by the acts of the defendants wherein they notified the Louisiana Department of Public Safety, Office of Motor Vehicles of the ineffective and improper alleged cancellations and triggered the imposition of automatic fines by the state, including but not limited to the following: "No insurance for 30 days or less – $125.00. No insurance for 31 to 90 days – $275.00. No insurance for 91 days or more – $525.00. A reinstatement cap of $850.00 will apply to those that choose to clear multiple insurance cancellations on the same day. In addition to the $850.00 cap a $25.00 administrative fee will be charged for each cancellation record. If you are 65 years of age or older, the cap is $250.00."[1] The exposure to and/or imposition of such fines were a direct and proximate result of the improper transmittal of notifications sent to the Louisiana State Office of Motor Vehicles by one or more of the defendants despite the fact that GoAuto never received a notice of cancellation as required by La. R.S. 9:3550(G)(4).

31.

The plaintiffs seek to represent a class of persons consisting of insured and third-party class members who are entitled to recover penalties as a result of GoAuto's bad faith conduct and/or misrepresentations regarding cancellation of its policies. The Class shall consist of two-groups defined as follows:

---

[1] https://www.expresslane.org/Pages/faqs/fic_q2.aspx.

(1)     Kimberly Williams seeks to represent the insured class members, consisting of current and former GoAuto insureds whose automobile insurance policies were issued, written, or delivered in Louisiana and whose insurance policies were purportedly cancelled by GoAuto within the 10 years prior to the filing of this petition under the circumstances alleged herein despite the fact that GoAuto had not properly complied with the mandatory Louisiana statutory provisions relating to cancellation of Louisiana automobile insurance policies; and

(2)     Nicholas Jenkins seeks to represent the third-party class members consisting of persons who within 10 years prior to the filing of this petition had a claim against a GoAuto insured arising out of the insured's operation of a motor vehicle and GoAuto took the position that the insured's policy was purportedly cancelled despite the fact that GoAuto had not properly complied with the mandatory Louisiana statutory provisions relating to cancellation of Louisiana automobile insurance policies.

## LEGAL BASIS FOR THE DEFENDANTS' LIABILITY

32.

Under La. R.S. 22:1973(A), an insurer like GoAuto "owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both." The duty of good faith and fair dealing owed by an insurer is contractual in nature, and any action brought under the statute for breach of that duty is a contract action. *Smith v. Citadel Ins. Co.*, 2019-00052 (La. 10/22/19), 285 So. 3d 1062.

33.

La. R.S. 22:1973(B) lists certain specific acts that constitute a breach of the insurer's duty of good faith and fair dealing. Specifically, an insurer will be found to have breached its duty to its insured and/or to a third-party claimant for "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." La. R.S. 22:1973(B)(1).

34.

In addition to any damages caused by the insurer's breach of its duty of good faith and fair dealing, the insurer will also be liable to the class representatives and the putative insured class members and third-party class members, all of whom would be entitled to an award of penalties in an amount not to exceed two times the damages, or $5,000, whichever is greater. La. R.S. 22:1973(C). A minimum award of penalties in the amount of $5,000 would be justified and

reasonable under the circumstances as the class representatives and members of the putative class all were directly harmed by the defendants' actions, including but not limited to having been exposed to personal liability and/or denied coverage for any claims that may have arisen from the operation of vehicles that should have been covered by a GoAuto insurance policy during the period of purported cancellation, as well as being subjected to the Louisiana "No Pay No Play" doctrine under La. R.S. 32:866 as a direct and proximate result of the improper cancellations and denials of coverage.

35.

The above-described deficient cancellation procedures by the defendants, and the defendants' subsequent reporting of the purported cancellation of their insured's policies to the insureds, the State of Louisiana, the Department of Public Safety, the Office of Motor Vehicles, and/or other governmental agencies, caused the insured class members to be in violation of the provisions of Louisiana law, including but not limited to La. R.S. 32:861 *et seq.*, requiring motor vehicles registered in the state of Louisiana to be covered by an automobile liability policy.

36.

The defendants are liable to the class members under Louisiana law, including breach of the contractual duty of good faith and fair dealing and violation of La. R.S. 22:1973(A) and (B)(1), for misrepresenting pertinent facts and/or provisions related to the plaintiffs' and insureds' insurance coverage, and specifically for misrepresenting to the plaintiffs, insureds, third-party class member, the State of Louisiana, the Department of Public Safety, and/or other governmental agencies that the plaintiffs' and insureds' automobile insurance policies purchased from GoAuto had been cancelled.

37.

The reporting of the cancellation of coverage by the defendants when the policy was not properly canceled subjects the members of the insured class to penalties from the State of Louisiana. For example, in 2015 the State of Louisiana Office of Motor Vehicles sent 1.2 million letters seeking $444 million in fines on lapsed auto insurance from Louisiana drivers pursuant to La. R.S. 37:863 following receipt of notification from their insurers that their policies had lapsed, some of which had occurred many years in the past: [2]

---

[2] *See* Maya Lau, THE ADVOCATE, "Louisiana drivers struggle to clear auto-insurance penalties with OMV; check your status here" (Oct. 23, 2015), available at https://www.theadvocate.com/baton_rouge/news/crime_police/article_3d7f6268-850f-54c2-b4b6-0848c26a4b30.html.

## Louisiana drivers struggle to clear auto-insurance penalties with OMV; check your status here

by maya lau mlau@theadvocate.com   OCT 23, 2015 - 8:42 AM   💬   📄   2 min to read

\*            \*            \*

OMV's missives are an effort to recoup an estimated $444 million in outstanding debts following passage of a law this year that allows the agency to utilize the state's in-house collection agency known as the Office of Debt Recovery. But it has prompted an outcry from drivers across the country who say they're being extorted even after providing proof they weren't driving without insurance.

Edmonson says the department will cancel fines for people who show evidence they shouldn't be charged — for example, proof of insurance for the time period in question or documents showing the return of a license plate after moving out of Louisiana. But even logging a complaint is proving difficult for many drivers, especially those whose apparent insurance lapses derive from their out-of-state moves.

38.

Through the defendants' deficient attempts to cancel the automobile liability policies of GoAuto's insureds and their improper reporting of those cancellations to the Office of Motor Vehicles, the defendants exposed the insured class members to the assessment of fines from the Office of Motor Vehicles, including fines that have already been assessed and collected in the past or which may continue to be assessed and collected into the future because of the defendants' misrepresentations to the state regarding the purported cancellations of the insured class members' automobile insurance policies during the past 10 years.

39.

La. R.S. 22:1892(A)(4) further provides that "[a]ll insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim." The failure to make such offer shall subject the insurer to liability for penalties of 50% of the amount that was due or one thousand dollars, whichever is greater, "as well as reasonable attorney fees and costs." La. R.S. 22:1892(B)(1). An award of attorney fees and costs is mandatory when there is a statutory violation. *Calogero v. Safeway Ins. Co.*, 99-1625, p. 7 (La. 01/19/00), 753 So. 2d 170, 174. When an act constitutes a violation of

both La. R.S. 22:1973 and 22:1892, the insurer will be liable for attorney fees in addition to the higher of the two statutory penalties. *Id.*

40.

In addition to damages and/or penalties that are owed for breach of its duties under La. R.S. 22:1973(A) and (B)(1), the defendants are also liable for mandatory attorney fees and costs under La. R.S. 22:1892(B)(1) for the breach of the statutory duties under La. R.S. 22:1892(A)(4).

## DEFENDANTS' LIABILITY UNDER SINGLE BUSINESS ENTERPRIESE THEORY OF LIABILITY

41.

Louisiana courts recognize that "[w]hen corporations represent precisely the same single interest, the court is free to disregard their separate corporate identity." *Green v. Champion Ins. Co.*, 577 So. 2d 249, 257 (La. App. 1 Cir. 1991), *writ denied*, 580 So. 2d 668 (La. 1991). The defendants GoAuto, GMS, GoAuto, LLC, APAC, Go Card, LLC, and Health Reform Insurance, LLC all represent the same single interest, and the Court should therefore disregard their separate corporate identities.

42.

The defendants GoAuto, GMS, GoAuto, LLC, APAC, Go Card, LLC, and Heath Reform Insurance, LLC, operate as a single business enterprise based on the relevant factors recognized by Louisiana courts. Specifically, the defendants:

    a) Have substantially identical ownership and control, including through Greg Tramontin, who is CEO, president, shareholder, manager, agent, and spokesperson for all six companies;

    b) Share common officers, members, managers, and agents;

    c) Share unified administrative control and have supplementary business functions. In fact, the defendants exist solely to serve one another. For example, APAC finances policies only for GoAuto, but not for any other insurance companies;

    d) Share employees. GMS is the only defendant that has any employees, and those employees who receive salaries and benefits from GMS perform work for APAC and GoAuto, which have no employees of their own, and for the other defendants; and

    e) Share physical office space, computer servers, and other supplies and equipment.

43.

Because of the above-described relationship among defendants GoAuto, GMS, GoAuto, LLC, APAC, Go Card, LLC, and Health Reform Insurance, LLC, those companies operate as a single business enterprise, such that the assets of each such defendant shall be made available to satisfy any judgment entered in this suit.

## REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

44.

The plaintiffs are entitled to declaratory and injunctive relief against the Defendants pursuant to Louisiana Code of Civil Procedure articles 1871 *et seq.* and 3601 *et seq.* based on the Defendants' violations of the law as alleged herein.

45.

The plaintiffs seek declaratory relief finding that the cancellation procedures which are used by the Defendants as set forth herein are in violation of the law, including La. R.S. 9:3550, and further that any and all insurance policies of the insured class members which the Defendants purportedly attempted to cancel using those unlawful procedures were not cancelled and instead remained in effect.

46.

Under Article 3601, an injunction shall issue in cases where irreparable injury, loss or damage may result to the applicant. However, an applicant is entitled to an injunction without the necessity of showing irreparable harm where the conduct sought to be restrained is unconstitutional or unlawful. *Jurisich v. Jenkins*, 99-0076, p. 4 (La. 10/19/99), 749 So. 2d 597, 599.

47.

The plaintiffs are entitled to an injunction in this case against the Defendants because the unlawful conduct which the plaintiffs seek to restrain constitutes violations of the law under La. R.S. 9:3550, 22:1892, and 22:1973.

48.

For these reasons, the plaintiffs seek the issuance of an injunction prohibiting the Defendants from (1) maintaining the position that any of the insurance policies issued to the insured class members were properly cancelled; (2) taking the position that the Louisiana State Office of Motor Vehicles was properly notified of any cancellations of insurance policies issued

to the insured class members; and (3) notifying the Office of Motor Vehicles of the purported cancellation of any GoAuto policies after the date this suit is filed until a final judgment has been rendered in this case.

49.

The plaintiffs further seek a mandatory injunction requiring the Defendants to pay any and all fines and/or penalties previously imposed or to be imposed in the future by the State of Louisiana as a result of each and every purported cancellation of policies that were improperly and ineffectively canceled.

## DAMAGES

50.

The plaintiffs do not seek to recover any individualized assessment of damages that might have been sustained as a result of the Defendants' legally deficient cancellation scheme and bad faith actions in misrepresenting pertinent facts and/or provisions relating to the plaintiff's insurance coverage offered by GoAuto. Instead, the plaintiffs seek an assessment and recovery of the maximum penalties allowed under the law, $5,000.00 for each and every violation, as provided under La. R.S. 22:1973(C), as well as mandatory attorney fees pursuant to La. R.S. 22:1892(B)(1).

51.

The determination of the insured and third-party class members' penalty claims does not require any individual determination or assessment of the fault or damages against any of Go-Auto's insureds, as penalties for breach of the duties set forth in La. R.S. 22:1973 are available even without proof of actual damages. *Sultana Corp. v. Jewelers Mut. Ins. Co.*, 2003-0360 (La. 12/3/03), 860 So. 2d 1112. Thus, statutory class-wide penalties are due to the class members even in the absence of any individual proof of entitlement to damages, as those penalty claims are based upon the statutory penalties due from the defendants for their bad faith conduct and misrepresentations concerning the lack of available insurance coverage in violation of law, which are directly attributable to the acts of the named defendants.

## CLASS CERTIFICATION

52.

This action is appropriate for determination through the Louisiana class action procedure, La. Code Civ. Proc. art. 591 *et seq.*, for the following nonexclusive reasons:

A.  Because thousands of GoAuto policies are purportedly cancelled every day through the improper and legally deficient scheme described in this petition, the significant number of class members in both the group of the insured class members and the group of the third-party class members presents a level of numerosity better handled through the class action procedure as opposed to mass joinder of individual claims.

B.  Common issues of law and fact pertaining to the determination of the fault and liability of the defendants predominate over the individual issues or quantum.

C.  The determination of fault and the basis for assessment of damages may be made in a class action.

D.  The named plaintiffs have sustained damages of the nature described herein and are suitable representatives for the class.

E.  The class may be defined objectively in terms of ascertainable criteria, such that the Court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in these proceedings.

F.  Plaintiffs are represented by skilled attorneys who are experienced in the handling of insurance bad faith, mass tort, and class action litigation, and who may be expected to handle this action in an expeditious and economical manner to the best interests of all the class members.

G.  The class action procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented.

53.

The defendants, GOAUTO INSURANCE COMPANY, GOAUTO MANAGEMENT SERVICES, LLC, GOAUTO, LLC, AUTO PREMIUM ASSISTANCE COMPANY, LLC, GO CARD, LLC, and HEALTH REFORM INSURANCE, LLC are liable unto plaintiffs and the putative class members for all damages as are reasonable in the premises, statutory penalties, legal interest from the date of judicial demand until paid, and all costs of this suit.

**WHEREFORE**, Plaintiffs pray that after due proceedings are had:

1.  This action be certified as a class action pursuant to the provisions of La. Code Civ. Proc. art. 591 *et seq.*, in the respects alleged herein, for the purposes of determining issues common to the class, including liability for damages;

2.     That upon certification of the class, the Court order the formulation of a suitable management plan pursuant to La. Code Civ. Proc. art. 592(E);

3.     That the Court find that the defendants constitute a single business enterprise;

4.     That there be the issuance of class-wide declaratory and injunctive relief finding that the cancellation procedures used by the Defendants were unlawful; prohibiting GOAUTO INSURANCE COMPANY, GOAUTO MANAGEMENT SERVICES, LLC, GOAUTO, LLC, AUTO PREMIUM ASSISTANCE COMPANY, LLC, GO CARD, LLC, and HEALTH REFORM INSURANCE, LLC, from (1) maintaining the position that any of the insurance policies issued to the insured class members were properly cancelled; (2) taking the position that the Louisiana State Office of Motor Vehicles was properly notified of any cancellations of insurance policies issued to the insured class members;  and (3) notifying the Office of Motor Vehicles of the purported cancellation of any GoAuto policies after the date this suit is filed until a final judgment has been rendered in this case; and further that a mandatory injunction issue requiring the defendants be pay any and all fines and/or penalties previously imposed or to be imposed in the future by the State of Louisiana as a result of each and every purported cancellation of policies that were improperly and ineffectively canceled.

5.     That after due proceedings are had, there be judgment herein in favor of the plaintiffs and against the defendants, GOAUTO INSURANCE COMPANY, GOAUTO MANAGEMENT SERVICES, LLC, GOAUTO, LLC, AUTO PREMIUM ASSISTANCE COMPANY, LLC, CO CARD, LLC, and HEALTH REFORM INSURANCE, LLC, for all damages as are reasonable in the premises, statutory penalties, legal interest from the date of judicial demand until paid, attorney fees, all costs of this suit, and for all other just and equitable relief permitted by law.

Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors At Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
(225) 932-9221; (225) 932-9286 (fax)

By:     Eulis Simien, Jr., Bar # 12077
Jimmy Simien, Bar # 1598
Roy L. Bergeron, Jr., Bar # 33726

**PLEASE SERVE:**

**Gregory W. Tramontin**
**533 Highlandia Drive, Suite A**
**Baton Rouge, LA 70810,**

as common legal representative and agent for service of process for all of the following defendants, all of which may be served via the issuance and service of a single citation to their common legal representative pursuant to La. CCP art. 1203:

- **GoAuto Insurance Company**
- **GoAuto Management Services, LLC**
- **GoAuto, LLC**
- **Auto Premium Assistance Company, LLC**
- **Go Card, LLC**
- **Health Reform Insurance, LLC**

**RETURN COPY**



D5638960

# CITATION

**KIMBERLY WILLIAMS, ET AL**
(Plaintiff)

**VS**

 **GOAUTO INSURANCE COMPANY, ET AL**
(Defendant)

**NUMBER C-703230   SEC. 23**

**19ᵗʰ JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **GREGORY W TRAMONTIN**
        **533 HIGHLANDIA DRIVE, SUITE A**
        **BATON ROUGE,  LA 70810**

GREETINGS:

        Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.
        You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
        This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 5, 2021.**

*Layla Attuan*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **BERGERON, ROY L, JR**
                **(225) 932-9221**

*The following documents are attached:
**PETITION**

_____
                    **SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**       After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____
                    Deputy Sheriff
                    Parish of East Baton Rouge

*I made service on the named party*
*by tendering a copy of this document on this day*

**CITATION-2000**

*JAN 1 2 2020*
*to Katherine Franks*
*B James 0283*
Deputy Sheriff, Parish of East Baton Rouge, LA

RECEIVED

JAN 11 2021

E B R SHERIFF'S OFFICE

**RETURN COPY**



D5638960

# CITATION

**KIMBERLY WILLIAMS, ET AL**
(Plaintiff)

**VS**

**GOAUTO INSURANCE COMPANY, ET AL**
(Defendant)

**NUMBER C-703230    SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:   **GREGORY W TRAMONTIN**
      **533 HIGHLANDIA DRIVE, SUITE A**
      **BATON ROUGE,  LA 70810**

GREETINGS:

      Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.
      You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
      This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 5, 2021.**

*Layla Attuan*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: **BERGERON, ROY L, JR**
           **(225) 932-9221**

*The following documents are attached:
**PETITION**

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

*I made service on the named party*

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

*by tendering a copy of this document on this day*

**CITATION-2000**

JAN 1 2 2020

to *Katherine Frank*

*B James* 0283

Deputy Sheriff, Parish of East Baton Rouge, LA

RECEIVED
JAN 11 2021
E B R SHERIFF'S OFFICE

**RETURN COPY**



D5638960

# CITATION

**KIMBERLY WILLIAMS, ET AL**
(Plaintiff)

**VS**

 **GOAUTO INSURANCE COMPANY, ET AL**
(Defendant)

**NUMBER C-703230   SEC. 23**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **GREGORY W TRAMONTIN**
       **533 HIGHLANDIA DRIVE, SUITE A**
       **BATON ROUGE,  LA 70810**

GREETINGS:

    Attached to this citation is a certified copy of the petition*.  The petition tells you what you are being sued for.

    You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.  If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

    This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 5, 2021.**

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: BERGERON, ROY L, JR**
                      **(225) 932-9221**

*The following documents are attached:
**PETITION**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**    After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:$_____
MILEAGE$_____
TOTAL:  $_____

Deputy Sheriff
Parish of East Baton Rouge

*I made service on the named party*
*by tendering a copy of this document on this day*

**CITATION-2000**

to *Katherine Frank*

*B James* 0283

Deputy Sheriff, Parish of East Baton Rouge, LA

JAN 1 2 2020

RECEIVED
JAN 11 2021
E.B.R. SHERIFF'S OFFICE