## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KIMBERLY WILLIAMS, et al.**  **CIVIL ACTION**

**VERSUS**  **NO. 21-92-BAJ-SDJ**

**GOAUTO INSURANCE
COMPANY, et al.**

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 27, 2022.

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KIMBERLY WILLIAMS, et al.**                           **CIVIL ACTION**

**VERSUS**                                              **NO. 21-92-BAJ-SDJ**

**GOAUTO INSURANCE**
**COMPANY, et al.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a *Motion to Remand* (R. Doc. 11) filed by Plaintiffs, Kimberly Williams and Nicholas Jenkins, individually and behalf of others similarly situated. The motion is opposed (R. Doc. 22). For the reasons set forth herein, its is recommended that the motion be **DENIED WITHOUT PREJUDICE,** and that jurisdictional discovery be conducted for the purposes of determining whether any of the mandatory exceptions to CAFA apply.

### Procedural History

On January 5, 2021, Plaintiffs filed a *Petition for Damages-Class Action* against GoAuto Insurance Company; GoAuto Management Services, LLC.; GoAuto, LLC; Auto Premium Assistance Company, LLC; Go Card, LLC; and Health Reform Insurance, LLC (R. Doc. 1-2). The Petition identifies two separate types of potential plaintiffs, identified in paragraph 1 as follows:

…any and all persons currently residing in the state of Louisiana who are either:

(a) Current and former GoAuto Insurance Company ("GoAuto") insureds whose automobile insurance policies were issued, written, or delivered in Louisiana and whose insurance policies were purportedly cancelled by GoAuto within the 10 years prior to the filing of this petition under the circumstances alleged herein despite the fact that GoAuto had not properly complied with the mandatory Louisiana statutory provisions relating to cancellation of Louisiana automobile insurance policies (hereinafter referred to as "insured class members"); and

(b) Persons who within 10 years prior to the filing of this petition had a claim against a GoAuto insured arising out of the insured's operation of a motor vehicle and

> GoAuto took the position that the insured's policy was purportedly cancelled despite the fact that GoAuto had not properly complied with the mandatory Louisiana statutory provisions relating to cancellation of Louisiana automobile insurance policies (hereinafter referred to as "third-party class members").

(R. Doc. 1-2, p. 1). The Petition alleges that Defendants are liable to the class members for damages, including bad faith penalties and attorney fees, because they operated a single business enterprise designed to deny insurance coverage to the class members by canceling insurance policies in violation of Louisiana law. (R. Doc. 1-2, p. 1-3).

GoAuto, LLC ("GoAuto"), removed the action to this Court on February 11, 2021, asserting subject-matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d). (R. Doc. 1). GoAuto's *Notice of Removal* avers that minimal diversity is met and the amount in controversy exceeds $5,000,000. (R. Doc. 1). The *Notice of Removal* principally takes the position that minimal diversity must be met because, although all Defendants are Louisiana citizens, the Petition defines the plaintiff class members by their status as "residents" of Louisiana and not "domiciliaries."

On March 15, 2021, Plaintiffs filed a *Motion to Remand* (R. Doc. 11), contending that the Court lacks subject-matter jurisdiction under CAFA. Plaintiffs argue that Defendants cannot meet its burden to establish minimal diversity. First, Plaintiffs argue that GoAuto has presented no evidence of minimal diversity. Plaintiffs also argue that even if there was evidence of minimal diversity, the Court lacks jurisdiction because the "local controversy" and "home state" mandatory statutory exceptions to CAFA require remand. Lastly, Plaintiffs request the Court decline jurisdiction under the discretionary exception to CAFA.

All Defendants filed an opposition to remand (R. Doc. 22). Defendants argue that minimal diversity is met, providing an affidavit from GoAuto Insurance Company's attorney, and supporting documentation from four putative class members. Defendants contend the supporting

documentation proves these putative class members were residents of Louisiana, but citizens of a different state or county, thereby creating minimal diversity. Defendants also argue that Plaintiffs bear the burden of proof on the exceptions to CAFA and have failed to prove that any apply.

In reply, Plaintiffs contend Defendants' evidence supporting minimal diversity does not prove "the cancellation of the policies at issue for these[] individuals was based upon non-payment of premiums, which is the only type of cancellation at issue in this case." (R. Doc. 32, p. 2). Attached to the reply is an affidavit from Plaintiffs' counsel attesting that the class consists only of "Louisiana domiciliaries and citizens at the time of the filing of the petition." (R. Doc. 32-1). Plaintiffs address the arguments made by Defendants in their opposition and request, in the alternative, the Court order limited jurisdictional discovery. (R. Doc. 32, p. 10).

**Law and Analysis**

CAFA was enacted to encourage federal court jurisdiction over interstate class action lawsuits of national interest. *Preston v. Tenet Healthsystem Memorial Medical Center, Inc. ("Preston I")*, 485 F.3d 793, 797 (5th Cir. 2007). CAFA provided an expansion of federal jurisdiction over interstate class action lawsuits by granting federal courts original jurisdiction to hear interstate class actions where: (1) the proposed class contains more than 100 members; (2) minimal diversity exists between the parties; (3) the amount in controversy exceeds $5 million; and (4) the primary defendants are not states, state officials, or other governmental entities. 28 U.S.C. § 1332(d)(2) 28 U.S.C. § 1332(d)(5). *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 569 (5th Cir. 2011).

To establish jurisdiction under CAFA, a removing defendant must prove minimal diversity. 28 U.S.C. § 1332(d). Minimal diversity is met when one plaintiff is diverse from one defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 594 n. 12 (2005) (noting that for

minimal diversity under CAFA, "one plaintiff's diversity from one defendant suffices" to establish minimal diversity). There are three exceptions to CAFA jurisdiction: namely, the local controversy exception (28 U.S.C. § 1332(d)(4)(A)), the home state exception (28 U.S.C. § 1332(d)(4)(B)), and the discretionary exception. *Preston v. Tenet Healthsytem Memorial Medical Center, Inc. ("Preston II")*, 485 F.3d 804, 810-11 (7th Cir. 2007). The local controversy and home state exceptions are mandatory and are "designed to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 570 (quoting *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 682 (7th Cir. 2006)). CAFA was designed to exclude only a narrow category of localized controversies, and the exceptions provide a statutory basis for courts to identify those controversies that are linked to particular localities. *Id.*

Under CAFA, a party seeking remand based on one of the exceptions bears the burden of proving the existence of an exception by a preponderance of the evidence. *Rainbow Gun Club, Inc. v. Denbury Onshore, L.L.C.*, 760 F.3d 405, 409 n. 3 (5th Cir. 2014). "CAFA does not change the traditional rule that the party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction." *Joseph v. Unitrin, Inc.*, No. 1:08-CV-077, 2008 WL 3822938, at *4 (E.D. Tex. Aug. 12, 2008) (quoting *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164 n. 3 (11th Cir. 2006)). Accordingly, only after the removing defendant has established jurisdiction under CAFA does the burden shift to the party seeking remand to prove by a preponderance of the evidence that an exception to CAFA jurisdiction applies. *Preston II*, 485 F.3d at 813 ("once federal jurisdiction has been established under [CAFA], the objecting party bears the burden of proof as to the applicability of any express statutory exception....") (quoting *Serrano v. 180 Connect, Inc.*,

478 F.3d 1018, 1024 (9th Cir. 2007)). In cases involving CAFA, the district court "has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction." *Preston II*, 485 F.3d at 817 (quoting *Coury v. Prot*, 85 F.3d at 249). The sufficiency of the jurisdictional evidence must be evaluated on a case-by-case basis. *Preston I*, 485 F.3d at 801.

### A. Minimal Diversity

When removal is challenged on a motion to remand, the removing defendant must prove by a preponderance of the evidence that jurisdiction existed at the time of removal. *Rey v. LCMC Healthcare Partners, LLC*, 2021 WL 3674358 (E.D. La. Aug. 19, 2021). Defendants provide an affidavit from Mike Boyd, one of GoAuto Insurance Company's attorneys, attesting to researching the citizenship of proposed class members in paragraph 31 of Plaintiffs' Petition. Boyd's affidavit identifies 4 putative class members who purportedly are not Louisiana citizens: A.S, who is a member of the "insured" class, I.F., who is a member of the "third-party claimants" class, J.T., who is a member of the "third-party claimants" class, and N.S., who is a member of the "insured" class. (R. Doc. 25-1, ¶¶ 5-8) (sealed).

The affidavit of Mike Boyd and the supporting documentation shows there is at least one member of the putative class who resided in Louisiana but was not a Louisiana citizen at the time the Petition was filed-J.T.[1] The affidavit of Mike Boyd attests that J.T. is a putative member of the "third-party claimant" class as defined by paragraph 31 of the Petition. (R. Doc. 25-1, ¶ 7) (sealed).[2] The documentation shows that J.T. was a juris doctorate candidate at LSU Paul M.

---

[1] Under CAFA, citizenship must be analyzed as of the date the complaint was filed or when federal jurisdiction was first invoked. 28 U.S.C. § 1332 (d)(7). Here, it would be the date the complaint was first filed. Because the Court finds the Defendants have carried their burden of proof on minimal diversity as to J.T.'s diversity, the Court pretermits a determination as the other three putative class members: A.S., I.F., or N.S.

[2] Paragraph 31 of the Petition defines the "third-party claimant" class as: Nicholas Jenkins seeks to represent the third party members consisting of persons who within 10 years prior to the filing of this petition had a claim against a GoAuto insured arising out of the insured's operation of a motor vehicle and GoAuto took the position that the

Hebert Law Center starting in 2018 with an expected graduation date in 2021. (R. Doc. 25-4, p. 13, 17) (sealed). The documentation also shows that J.T was employed at or around the time of removal with the East Baton Rouge Parish District Attorney's Office. (R. Doc. 25-4, p. 12) (sealed). J.T. has a permanent address in Leander, Texas, is registered to vote in Leander, Texas (R. Doc. 25-4, p. 2-3) (sealed), and continued to maintain the registration of her vehicle in the state of Texas while studying law at LSU (R. Doc. 25-4, p. 5) (sealed). J.T. reported an accident in this Texas-registered vehicle with a GoAuto-insured to GoAuto on September 23, 2018, and provided a Louisiana address (R. Doc. 25-1, ¶ 7) (sealed). Since the time the parties briefed the issues in this case, J.T, has become a licensed attorney in Texas and not in Louisiana. *See*, *Norris v. Hearst Trust,* 500 F.3d 454, 461 n. 9 (5th Cir.2007) (stating that it is appropriate for a court "to take judicial notice of matters of public record"); *See also, e.g., Hubbard v. Midland Credit Mgmt.*, No. 4:13-cv-112-Y, 2013 WL 6027899, at *4 & n.4 (N.D. Tex. Nov. 13, 2013) (taking judicial notice—under Federal Rule of Evidence 201—of information on the State Bar of Texas website). J.T.'s history as a temporary resident and visiting student make it more likely than not that she lacked an intent to remain in Louisiana and was not a citizen of this state at the time the Petition was filed. Indeed, it appears J.T. was here to obtain a legal education and has returned to her home state of Texas. The Defendants have met their burden of proving minimal diversity by a preponderance of the evidence.³

---

insured's policy was purportedly cancelled despite the fact that GoAuto had not properly complied with the mandatory Louisiana statutory provisions relating to cancellation of Louisiana automobile insurance policies. (R. Doc. 1-2, p. 11).

³ The Court finds the Plaintiffs' argument that Defendants have failed to carry their burden of proof that the individuals identified by the Defendants were affected by the cancellation of policies for non-payment of premium unpersuasive (R. Doc. 32). The affidavit of Mike Boyd avers that J.T. is a putative member of the "third-party claimant" class as defined by the Plaintiffs' Petition. To the extent Plaintiffs take the position that Defendants have failed to prove that the relevant policy was cancelled in violation of Louisiana law, the Defendants are not required to admit liability to remove a case under CAFA. *See, Brew v. Univ. Healthcare Sys.,LLC*, 2015 WL 8259583, at *3 (E.D. La. Dec. 9, 2015) (For purposes of determining the jurisdictional requirements under CAFA, the scope of the class must not require resolution of the merits of each member's claim.) The Court is also unpersuaded by Plaintiffs' counsel's

**B. Exceptions to CAFA**

The district court can decline jurisdiction under three provisions: (1) the local-controversy exception, 28 U.S.C. § 1332(d)(4)(A); the home-state exception, *id.* § 1332(d)(4)(B); and discretionary jurisdiction, *id.* § 1332(d)(3).[38] *Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 810-11 (5th Cir. 2007). The party seeking remand bears the burden of proving that the district court is divested of subject-matter jurisdiction under an exception to CAFA removal. *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 338 & 342 (5th Cir. 2016). "The language, structure, and history of CAFA all demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Id.* at 337 (quotation and alteration omitted). Thus, "all doubts [are] resolved in favor of exercising jurisdiction over the case." *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 360 (5th Cir. 2011) (quotation omitted).

Plaintiffs argue that CAFA's local-controversy and home-state exceptions preclude this Court from exercising jurisdiction over this case. (R. Doc. 11-1, pp. 7-18) CAFA's local-controversy exception provides that a district court "shall decline to exercise jurisdiction" –

(i)     over a class action in which –

      (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

      (II) at least 1 defendant is a defendant –

---

"clarifying" affidavit (R. Doc. 32-1). The affidavit is not an operative pleading. In any event, federal courts examine jurisdictional facts as they exist at the time the case was filed. *Louisiana v. AAA Ins.*, 2011 WL 5118859, at *6 (E.D. La. Oct. 28, 2011) citing, *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). Post-removal amendments made "solely to destroy" CAFA jurisdiction do not justify remand. *Brinston v. Koppers Indus., Inc.*, 538 F. Supp. 2d 969, 975 (W.D. Tex. 2008), citing *Braud v. Transp. Serv. Co.*, 445 F.3d 801, 808 (5th Cir.2006).

>> (aa) from whom significant relief is sought by members of the plaintiff class;
>
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>
> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A). Similarly, the home-state exception provides that the district court "shall decline to exercise jurisdiction" over the class action if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was original filed." *Id.* at § 1332(d)(4)(B).

Defendants contest the requirement common to both the local controversy and home state exceptions-whether Plaintiffs have demonstrated that at least two-thirds of the putative class members are Louisiana citizens. Defendants also contest whether Plaintiffs have demonstrated an additional element of the local state controversy exception, "all injuries to the putative class members occurred in the state of Louisiana" (R. Doc. 22, p. 22).

As an initial matter, the parties disagree about the proper definition of the class to be applied to the "greater than two-thirds" metric in the mandatory exceptions. Defendants contend that Plaintiffs have not limited their class definition to Louisiana residents, pointing to the definition of the class located at paragraph 31 of the Petition. (R. Doc. 22, p. 12) and citing the opinion in *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.,* 810 F.3d 335

(5th. Cir. 2016). Plaintiffs argue that they have limited the class to Louisiana residents, pointing to paragraph 1 of the Petition and distinguishing *Arbuckle*. (R. Doc. 32, p. 4).

The Fifth Circuit was confronted with two conflicting definitions of a class in *Arbuckle*. One definition in the petition included only current owners of mineral interests ("narrow definition") while another definition in the petition included current and former owners of mineral interests ("broad definition"). *Id.* at 339. This posed a quandary in determining whether the local controversy exception should apply because Arbuckle had evidence that two-thirds of the class were citizens of the state of Texas under the narrow definition, but not the under the broad definition. *Id*. The Fifth Circuit found that the two definitions were "in direct conflict with one another," construed the pleading in its entirety, and decided the petition "as a whole" gave support to the broader definition of the class. *Id.* at 340.

Here, unlike *Arbukle*, we are not faced with conflicting or ambiguous definitions of the class. Paragraph 1 of the Petition unequivocally defines the terms, "insured class" and "third-party claimant's class," as "persons currently residing within the state of Louisiana." (R. Doc. 1-2, p. 1). Paragraph 31 (R. Doc. 1-2, p. 10-11) does not restate "persons currently residing within the state of Louisiana," but does include the terms, "insured class" and "third party class," which were defined in Paragraph 1 to only include current Louisiana residents.  The Court finds the Petition to be internally consistent and the class limited to current Louisiana residents.

To meet their burden of proof that more than two-thirds of the class are Louisiana citizens, Plaintiffs offer the definition of the class and generalized census data. Plaintiffs argue that the Court should apply a "common sense presumption" to reach the conclusion that greater than two-thirds of proposed plaintiff class are Louisiana citizens, relying on *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 654 (5th Cir. 2011). In *Hollinger,* the class definition included persons who

purchased an automobile policy in Texas that provided coverage within a specified timeframe. The Fifth Circuit applied the "common sense presumption" in concluding that greater than two-thirds of the class were Texas citizens because, *inter alia*, "[r]egistering a motor vehicle and insuring it in Texas is some evidence of an intent to remain in Texas—at least for a while." *Id.* at 574.

Defendants argue that *Hollinger* is distinguishable because here, Plaintiffs' class definition does not "incorporate[] indicia supporting an intent to remain." (R. Doc. 22, p. 17). Specifically, Defendants contend that the cancellation of an automobile insurance policy does not lend itself to any commonsense presumption an intent to remain in the state of Louisiana. To the contrary, Defendants argue that allowing an insurance policy to lapse may indicate an intent to leave the state. (R. Doc. 22, p. 19). Defendants' point is well-taken. Cases in this Circuit in which courts have applied the commonsense presumption include class definitions that inherently involve an intent to remain in the state. *See, Coco v. Heck Industries, Inc.,* 2014 WL 1029994 (W.D. La. Mar. 17, 2014) (residents living near a concrete plant); *Caruso v. Allstate Ins. Co.,* 469 F.Supp.2d 364 (E.D.La.2007) (Louisiana homeowners who purchased policies for homes located in Louisiana); *Joseph v. Unitrin Inc.,* 2008 WL 3822938 (E.D. Tex. Aug 12, 2008) (class members limited to Texas homeowners' policy holders). The class definition in this case, which includes GoAuto policy holders with lapsed policies and third parties who attempted claims against GoAuto lapsed policies, does not create a natural presumption that greater than two-thirds of the class are Louisiana citizens.

Plaintiffs' general census data is not helpful in reaching the conclusion, by a preponderance of the evidence, that more than two-third of the class are citizens of Louisiana. The data provided is from 2019 (R. Docs. 11-5, 11-5). Plaintiffs bear the burden of showing intent to remain as of the time the Petition was filed, which was January 5, 2021. 28 U.S.C. § 1332(d)(7). Furthermore, while

this data may show generalized migratory behavior of Louisiana residents, it cannot be adequately or specifically applied *to the members of the subject class* to determine whether the "greater than two-thirds" metric is satisfied. *Cf. Bennett v. Board of Com'rs for East Jefferson Levee Dist.,* 2007 WL 2571942 (E.D. La. Aug 31, 2007) (particularized data showing a lack of mass exodus from Jefferson Parish following Hurricane Katrina evidenced intent to remain by subject class).

In *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793 (5th Cir. 2007), the Fifth Circuit concluded that the parties challenging CAFA jurisdiction had failed to meet their burden of proof on the local controversy exception by submitting proof of the class-members addresses. Medical records were submitted including the addresses of the class members, but the Fifth Circuit found the proof insufficient to meet the burden of "intent to remain." "…[W]ith no evidence of intent provided by the movants, the district court could not make the requisite credible estimate necessary to remand under the local controversy exception." *Id.* at 801.

Plaintiffs have not met their burden, by a preponderance of the evidence, that more than two-thirds of the class had an intent to remain in the state of Louisiana as of the date of the filing of the Petition. Even under the discretionary jurisdiction provision employed in *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793 (5th Cir. 2007), which permits district courts to weigh the local characteristics of the litigation as part of the remand determination, the movants must still prove that between one-third and two-thirds of the putative class were citizens of the state in which the suit was filed.

Plaintiffs have not submitted sufficient evidence to sustain their burden of establishing the elements of the local controversy and home state exceptions to CAFA but have requested the opportunity to conduct limited jurisdictional discovery on this issue. This request is reasonable. The evidence necessary to establish those exceptions is most likely in Defendants' possession, and

Plaintiffs would not have access to this information absent discovery. Accordingly, the Court recommends that the Motion for Remand be denied without prejudice and the matter be referred back to the undersigned to set a discovery conference for the purpose of establishing a jurisdictional discovery scheduling order.

## I.  CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that the Plaintiffs' *Motion to Remand* (R. Doc.11) be **DENIED WITHOUT PREJUDICE** and the matter be referred back to the undersigned to set a discovery conference for the purpose of establishing a jurisdictional discovery scheduling order.

Signed in Baton Rouge, Louisiana, on January 27, 2022.

---

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**